UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case no. 2:26-cr-00014 |
| | ) | |
| CINDY PEATMAN, | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER
GOVERNING DISCLOSURE OF PROTECTED DISCOVERY AND PII**

NOW COMES the United States of America, by and through undersigned counsel, and hereby moves upon the stipulation of the parties for the entry of a Protective Order serving two purposes. First, the proposed order will promote the confidentiality of a subset of discovery materials (the "Protected Discovery") the United States will provide to counsel for the above-named defendant that otherwise may not be subject to discovery or may only be available for defense counsel to review in the United States Attorney's Office.  Second, the proposed order allows efficient production of materials outside the subset of Protected Discovery that contain Personally Identifiable Information ("PII").

I.    Protected Discovery

The Protected Discovery in this case includes materials, in whatever format, that either individually or collectively could be used to discern the identity of government witnesses and informants or locate them (for example, because it describes the cooperating individuals, their activities, or their assistance to law enforcement; because it contains recorded statements of the cooperating individuals; because it captures the cooperating individuals' images or voices; or because it contains any other information that could reasonably be used to disseminate the identity of the cooperating individuals).  The Protected Discovery may include: (1) statements

1

made by, or images identified by, witnesses in grand jury proceedings, subject to the requirements of Federal Rule of Criminal Procedure 6 and any Order of the Court under its provisions; (2) reports of interviews, affidavits, sworn statements, audio and video recordings, text or instant message communications, photographs, or other similar materials that could be used to identify witnesses and lead to interference, coercion, or intimidation; and (3) digital extractions of the contents of electronic devices, social media accounts, email accounts, and/or other digital data that belong to third parties. These digital extractions contain substantial data that may include: (a) sensitive information, such as dates of birth, social security numbers, financial information, and contact information for other people and (b) private materials of the owner of the digital device, including intimate photographs and private correspondence. The government may choose to provide full digital extractions and/or copies to the defense due to the volume of the probative data found on a particular device and/or account, and the burden of segregating discoverable materials from sensitive data.

Entry of a Protective Order restricting the use, dissemination, and disposition of Protected Discovery is essential to permit the United States to provide these materials to the above-named defendant while protecting the personally identifiable information, confidentiality, security of certain witnesses in this case and the confidentiality of other ongoing investigations involving these people or related information. The United States intends to rely on portions of the Protected Discovery as evidence if this case proceeds to trial. Redaction of the materials to protect the witnesses would be impracticable and would limit the value to defense counsel in reviewing the information.

II.     Personally Identifiable Information (PII)

The government discovery production also may include various materials, in addition to the Protected Discovery, such as financial records or government records, that contain Personally Identifying Information (PII) as defined in Federal Rule of Criminal Procedure 49.1(a). These materials are not Protected Discovery and therefore can be shared by the defense without the protections outlined above for Protected Discovery.  The proposed order requires defense counsel to redact PII if they wish to share that material outside the defense team.  This process makes sense in light of the large volume of potential redactions and the limited need to share PII outside the defense team.  The order allows defense counsel to seek Court authorization to share PII if defense counsel feels appropriate.

The United States has conferred with counsel for the defendant, and counsel has agreed to the provisions contained in the proposed order.

Dated at Burlington, in the District of Vermont, February 26, 2026.

Respectfully submitted,


/s/ *Jason Turner*

Jason Turner
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725

3